Cite as 2023 Ark. App. 270

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-22-372

|  |  |
|---|---|
| | Opinion Delivered May 10, 2023 |
| ABSOLUTE ROOFING & CONSTRUCTION, LLC; AND JIM BURRESS | |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, |
| APPELLANTS | ELEVENTH DIVISION |
| | [NO. 60CV-21-3345] |
| V. | |
| | HONORABLE PATRICIA JAMES, JUDGE |
| PARADISE DEVELOPMENTS, LLC | |
| APPELLEE | REVERSED AND REMANDED |

## N. MARK KLAPPENBACH, Judge

Appellants Absolute Roofing & Construction, LLC; and Jim Burress appeal from the Pulaski County Circuit Court's order striking their counterclaim and third-party complaint. On appeal, appellants contend that the circuit court erred in (1) granting the motion to strike without giving appellants an opportunity to respond and (2) striking the pleadings as untimely. We agree that the motion to strike was prematurely granted; accordingly, we reverse and remand.

Paradise Developments, LLC, filed a complaint against Absolute and its owner, Jim Burress, on May 28, 2021. Paradise alleged that it had contracted with appellants to install a roof on commercial property owned by Paradise, and appellants had failed to perform the work properly, resulting in extensive damage. Paradise asserted causes of action for

declaratory judgment, breach of contract, breach of warranty, negligence, misrepresentation and fraud, and strict liability. Appellants filed an answer on July 15, 2021. Pursuant to an October 2021 scheduling order, trial was set for June 21, 2022.

On June 6, 2022, appellants filed a counterclaim against Paradise and a third-party complaint against Sentech Holdings, LLC, and Arkansas Commercial, LLC, asserting claims for fraudulent transfer and unjust enrichment. Appellants alleged that on January 13, 2022, Paradise, owned by Mike Sentell, transferred ownership of the commercial property at issue to Sentech Holdings, also owned by Sentell, with the intent to defraud appellants. Appellants alleged that on May 10, 2022, Sentech Holdings sold the property to Arkansas Commercial. Appellants further alleged that they had completed the installation of the new roofing system in June 2021 and had not been paid for the work.

The following day, June 7, 2022, Paradise filed a motion to strike the counterclaim and third-party complaint. Paradise alleged that the third-party complaint was improper because appellants had not filed a motion for leave to file it and that it was untimely filed two weeks before trial. Paradise likewise alleged that the counterclaim was untimely. The circuit court entered an order the next day, June 8, striking the counterclaim and third-party complaint upon finding that they were untimely filed. Appellants appeal from this order. Our jurisdiction is pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(4), which allows an appeal from an order that strikes an answer, or any part of an answer, or any pleading in an action.

Appellants first argue that it was erroneous for the circuit court to grant Paradise's motion to strike without giving appellants a chance to either file a response or make arguments at a hearing. Arkansas Rule of Civil Procedure 6 provides, in part, as follows:

> **(c) For Motions, Responses, and Replies.** A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 20 days before the time specified for the hearing. Any party opposing a motion shall serve a response within 10 days after service of the motion. The movant shall then have 5 days after service of the response within which to serve a reply. The time periods set forth in this subdivision may be modified by order of the court and do not apply when a different period is fixed by these rules, including Rules 56(c) and 59(d).

Appellants argue that no order was entered modifying these time periods.

In *Loveless v. Agee*, 2010 Ark. 53, an inmate filed a petition for declaratory judgment and writ of mandamus. The appellees filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state facts on which relief could be granted. The circuit court granted the motion to dismiss the day after it was filed. Citing Rule 6(c), the inmate argued on appeal that the circuit court erred in dismissing his petition without first allowing him time to respond to the motion to dismiss. The supreme court agreed and reversed and remanded upon holding that the dismissal was prematurely granted. The court distinguished the case from one in which the appellant was able to respond to the motion at a hearing. *See Smith v. Walt Bennett Ford, Inc.*, 314 Ark. 591, 864 S.W.2d 817 (1993) (holding that a circuit court should either allow a written response to the motion or hold a hearing at which a response is heard). In *Loveless*, there was no hearing or time to respond before the court's ruling. Under the same circumstances here, we reverse and remand.

Reversed and remanded.

BARRETT and BROWN, JJ., agree.

*Hyden, Miron & Foster, PLLC*, by: *James L. Phillips*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Clayborne S. Stone*, for appellee.